# BARRON  G.  COLLIER  v.  DOMINO  MACARONI MANUFACTURING CO.

Springfield Court of Appeals, March 16, 1923.

1. **DAMAGES: Measure of Damages Stated.**  Where defendant had
contracted with plaintiff for advertising space in the cars of a

certain traction company, but later repudiated the agreement after plaintiff had procured, such space and paid for it, the measure of plaintiff's damages was the amount that defendant had agreed to pay.

2. ———: **Party Breaching Contract Could not Contend That Plaintiff Should Have Minimized Damages by Selling Advertising Space to Others.** Where defendant repudiated a contract made by it with plaintiff, an advertising corporation, for advertising space in street cars, defendant was in no position to ask that plaintiff should accept its breach and sell the space which it had sold to defendant in preference to other space owned by plaintiff which had not been sold, so as to minimize defendant's damages.

3. ———: **Defendant Could not Require Plaintiff to Sell Space at Lesser Rate to Minimize Damages.** Defendant could not ask that the space which it had refused to take should be sold by plaintiff to other customers at less than the regular price, as plaintiff had still other space which was unsold, and by selling the space contracted for by defendant to other parties would be merely shifting its loss.

4. ———: **Lost Profits Held Recoverable.** Lost profits are recoverable where the evidence can fix the loss of profits as certain and definite, and where it is not open to speculation and conjecture.

5. ———: **Lost Profits Held Recoverable.** Lost Profits, where sufficiently certain and definite under the evidence, may be recovered as damages for breach of contract if it reasonably appears that they would have been made had the contract been performed, and their loss necessarily followed the breach.

Appeal from the Circuit Court of Greene County.—*Hon. Orin Patterson*, Judge.

AFFIRMED.

*Wright & Ruffin* for appellant.

*G. M. Sebree* for respondent.

FARRINGTON, J.—The plaintiff recovered a judgment against defendant for the sum of $228, from which judgment the defendant appealed.

The petition shows that plaintiff is a corporation engaged in the advertising business by selling space which it had secured from the Springfield Traction Company, which operates street cars in the city of Springfield, Missouri. That the defendant entered into a contract with it to take twelve months advertising space at $19 per month; and that the defendant, after entering into such agreement, notified the plaintiff that it cancelled its written agreement and declined to pay or to furnish the subject-matter for advertising. Plaintiff stated that it was at all times ready, willing and able to display defendant's advertising and carry out and perform the terms of the contract, and that by reason of defendant's failure to perform its contract it, the plaintiff, had been damaged in the sum of $228.

Defendant answered by general denial, and then admitted that it executed the contract and that. it then notified the plaintiff that it would not perform its part and would refuse to carry out its terms of the contract.

The evidence in the case discloses that the plaintiff procures the right to advertise in the street cars of Springfield which right costs it a certain amount of money not shown in evidence, and that it must pay this amount to the Springfield Traction Company whether it procures advertisements or not. In other words, the Traction Company charges the plaintiff for the space and plaintiff must pay for it and may sell it to advertising customers. It does not relieve plaintiff from having to pay for the privilege of using the street cars because it does not procure sufficient advertisers to use the space.

The defendant admitted that it executed the contract and that it agreed to pay $19 a month for twelve months; and then admitted that it breached that contract. The contract shows that no particular space in a street car is set aside to any of plaintiff's customers; they merely are entitled to a certain amount of space under the contract. It is also shown that after the defendant repudiated its contract the plaintiff still had some undisposed-of

space in the street cars which it was endeavoring in every way possible to sell. Under this statement of facts it clearly appears that the defendant is liable to the plaintiff for the breach of the contract.

Much is said in appellant's brief concerning the measure of damages. We think that under the facts found by the court, which we have stated, that the damage to plaintiff is the same in this case whether it be called a contract in the nature of personal services or merely a loss of profits. In the end the result is the same, because when the plaintiff is required to pay a lump sum to the Springfield Traction Company for the privilege of using that space for advertising, and the defendant had agreed to pay the plaintiff a certain amount for a certain amount of space, then when it refused to do so, the plaintiff's loss would amount to the amount that the defendant had agreed to pay.

The testimony showed that the plaintiff would not have been put to one cent more expense to have carried out its contract, as it had to pay for this space, and had already paid for it when defendant made its contract. There is, therefore, no question in the case of plaintiff piling up expense after it knew the defendant would not carry out its contract. Neither was there any obligation upon plaintiff to try and dispose of the space which defendant had bought at a less price than defendant had agreed to pay. The defendant is in no position, when it is the one breaching the contract, to ask that plaintiff should accept its breach and sell that which it had sold to the defendant in preference to other space owned by the plaintiff which had not been sold at all. And again, the defendant could not ask that the space which it had refused to take should be sold at a lower price than plaintiff's regular price to other customers, for while this might mitigate the defendant's loss, it would not go to make up what the plaintiff was losing because it would be merely shifting its loss as to a given amount of space to its loss on another given amount of space.

This identical question and contract has been before the Supreme Court of Minnesota, in the case of Barron G. Collier, Inc., v. Kindy, 178 N. W. 584, where it is held that the plaintiff was entitled to recover from such a defendant the full amount of the contract price as its damage for breach of contract.

As we have heretofore stated, the facts in this case clearly show that the plaintiff lost the profits which it would have gained had defendant complied with its contract, and lost profits are recoverable where the evidence can fix the loss of profits as certain and definite, and where it is not left open to speculation and conjecture. In this case, the plaintiff had purchased from the Springfield Traction Company the right to use space for advertising purposes, and when it sold a certain amount of space to this defendant for a certain sum, then it inevitably lost by virtue of defendant's breach the amount which defendant had agreed to pay. It is held in Missouri that loss of profits as are sufficiently certain and definite under the evidence may be recovered as damages for breach of contract if it reasonably appears that they would have been made had the contract been performed, and the r loss necessarily followed the breach. [See Minneapolis Mach. Co. v. Bradford, 206 Mo. App. 609, 227 S. W. 628; Hicks v. National Surety Co., 169 Mo. App. 479, 155 S. W. 71; 17 Corpus Juris, 788.]

The loss in this case is one that could be said to have fallen within the contemplation of the parties, because the contract between the plaintiff and defendant shows on its face that the space had been procured by plaintiff from the Springfield Traction Company.

The finding of the facts made by the trial court in this case is clearly supported by the evidence, and the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.