Glenn L. **WHITMAN** and Janet E. Whitman, d/b/a Osage Outdoor Advertising Company, Respondents,

v.

Robert H. **LIVINGSTON, Appellant.**

No. KCD 27394.

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

William A. Seibel, Jefferson City, for appellant.

Alex Bartlett, Jefferson City (Hendren & Andrae, Jefferson City, of counsel), for respondents.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

Respondents (herein called Osage) recovered judgment against appellant for breach of an agreement and a note to pay monthly sums for respondents' maintenance of painted bulletin panels, advertising appellant's Texaco service station. The judgment, given in the trial court, was for $660.00 for unpaid monthly amounts of $40.00 each (from appellant's first default to the time respondents erected a new sign for others on April 14, 1972); $77.55 interest, and an attorney's fee of $225.00, a total of $972.55, and costs. Appellant's counterclaim was dismissed, and no point is presented as to the trial court's action in that respect.

The agreement entered into by the parties in June, 1968, provided that Osage should furnish, erect and maintain one advertising sign on private property for a period of 60 months, at a service charge of $40.00 per month. From the evidence it appears that Osage had leased the land upon which the sign was to be located from others. The agreement provided that if any of the monthly payments were not paid when due and remained unpaid for 30 days, the entire contract price should become due and payable at once; and importantly, "The said signs to always remain the property of the party of the first part [Osage], to remain in its exclusive possession and control, and subject to its own use; party of the

second part having only the right to have advertising displayed thereon so long as it (sic) complies with the terms of this agreement." As an adjunct to this agreement, appellant executed this note: " $2400.00 June 19, 1968. For value received, we, or either of us, promise to pay to the order of OSAGE OUTDOOR ADVERTISING CO. of OSAGE BEACH, MO., $2400.00 (by mail, if requested) with expenses of collection and attorney fees. * * * ", (payable in installments of $40.00 per month beginning August 15, 1968).

The evidence shows that Osage erected the sign, with appellant's Texaco advertisement on it, and maintained it long after appellant failed and refused to make the $40.00 monthly payments after November, 1970. Osage removed the sign on October 7, 1971. Appellant says the removal of the sign before the contract had expired by 22 months showed that Osage had not fully performed, and thus Osage cannot recover on the express contract. The contention ignores the acceleration clause of the contract which became applicable when appellant failed to make his monthly payments. That failure, under the contract, rendered the entire remaining sum due, "Generally, maturity acceleration provisions in contracts are valid and enforceable. * * * A contract may provide that default in the payment of installments shall accelerate the whole amount due, but if there is no default there is no acceleration." 17A C.J.S. Contracts § 507, p. 811. Under the record here, appellant was in default after November, 1970, and Osage made repeated demands for payment of delinquent installments upon appellant before the sign was removed by Osage on October 7, 1971. That removal, says appellant, shows that Osage failed fully to perform. But the record shows that Osage had performed its obligation under the contract by initially erecting the sign with appellant's advertisement painted upon it. "As a general proposition, the failure of one party to an entire contract to pay an instalment when due under the contract is such a breach as will absolve the other party from all obligations to perform while the default continues." 17 Am.Jur.2d

Contracts, § 429, p. 884. *Burns v. Beeny,* 427 S.W.2d 772, 775[4] (Mo.App.1968). Thus, Osage was not further obligated to maintain the sign space for appellant after his breach of the contract by failure to pay the installments due after November, 1970. Osage could have left the sign space vacant for the remainder of the contract term, and could have recovered the entire contract price which then remained due. Compare *Collier v. Domino Macaroni Mfg. Co.,* 215 Mo.App. 345, 248 S.W. 981, 982 (1923). But here, Osage's own evidence shows that on April 14, 1972, before the term of the instant contract had expired, it installed advertising panels on the sign for Village Smorgasbord at a greater price monthly than that appellant was to pay. This evidence of mitigation of damages, which is a proper issue, 25 C.J.S. Damages § 34, p. 704, was in the case, and although it is not an issue here, the trial court very properly excluded any contractual monthly payments due from appellant after April 14, 1972. The burden of proof as to any further possible mitigation of damages after the sign was removed to April 14, 1972, was upon appellant, 25A C.J.S. Damages § 144 e., p. 21, and no evidence thereon was presented by him. The foregoing disposes of appellant's first three points relating to the claim of Osage's failure to perform, the court's apportioning of monthly payments from the breach to the resale of the sign space, and that Osage had rescinded the contract by removing the billboard sign. The remaining three points are upon the basis of a landlord-tenant relationship between Osage and appellant. The contract involved, set forth above, is not a lease, but is a simple contract for the furnishing of signboard space, the signboard itself always remaining the property of Osage during the term. Appellant was entitled, as the trial court granted him, only to the credit of the remaining monthly installments under *his* contract after the resale of the space to Village Smorgasbord, and was not entitled to any credit for the increased "rental" of $56.00 per month to that firm, as apparently claimed in Point III.

■ `From what has been said before it is apparent that this appeal is without merit and is frivolous on its face. It is therefore ordered, upon respondents' motion and in accordance with Rule 84.19, § 512.160, RSMo 1969, that damages for a vexatious and delaying appeal in the amount of 10% of the basic judgment, or $74.75, shall be awarded respondents. *Boillot v. Income Guaranty Co.,* 124 S.W.2d 608, 612[7, 8] (Mo. App.1939). This is especially appropriate, where, as here, this unmeritorious appeal has been occupying a number and space upon the docket in this overloaded appellate court, to the exclusion of another case which might have merit, since the notice of appeal was filed May 29, 1974.

The judgment is affirmed and the case is remanded with directions to enter an amended judgment in the amount of $1,047.30 total and interest thereon from the original rendition of judgment on May 20, 1974, and for costs.

All concur.