Carolyn LINDSAY, Plaintiff-Appellant,

v.

**FORD MOTOR COMPANY,**
Defendant-Respondent.

No. 38018.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 22, 1977.

Rehearing Denied March 15, 1977.

Fred Roth, Clayton, for plaintiff-appellant.

Luke, Cunliff, Wilson, Herr, Chavaux & McCluggage, Robert W. Herr, St. Louis, for defendant-respondent.

WEIER, Judge.

This is a proceeding under the Missouri Workmen's Compensation Act in which the claimant-appellant, Carolyn Lindsay, seeks to recover compensation from her self-insured former employer, Ford Motor Company, for injuries suffered by her during an accident on August 29, 1972. The Labor and Industrial Commission, one member dissenting, affirmed the award of the referee granting $100 compensation for a ten-day healing period and $1,300 compensation for 5% permanent partial disability. The circuit court of St. Louis County affirmed the award for the ten-day healing period but reversed the award for permanent partial disability, finding a lack of sufficient competent evidence to support the finding that claimant had sustained permanent partial disability as a result of her accidental injury. Claimant has brought this appeal challenging the propriety of the circuit court's ruling which set aside the commission's award for permanent partial disability.

The appropriate standards of review to be applied by a court reviewing an award of the Labor and Industrial Commission are set forth fully in *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50, 52–53 [1–7] (Mo.App.1975). Under those standards a reviewing court is not to substitute its own judgment on evidence for that of an administrative tribunal and must af-

firm the administrative findings if based on competent and substantial evidence, leaving the determination of credibility of witnesses to the administrative tribunal. Here the findings of the commission were based upon competent and substantial evidence of accidental injury and disability. They are clearly not contrary to the overwhelming weight of the evidence. We therefore conclude that the award of the commission should be sustained and that an extended opinion would have no precedential value. Rule 84.16(b).

The order of the circuit court affirming the award of $100 compensation for the ten-day healing period is affirmed. That portion of the circuit court's order reversing the award of $1,300 compensation for permanent partial disability is reversed and the case is remanded to the circuit court with instructions to enter an order affirming the award of the commission in its entirety.

CLEMENS, P. J., and DOWD, J., concur.