Charlotte W. WRIGHT,
Plaintiff-Appellant,

v.

Harold W. SPRAGUE,
Defendant-Respondent.

No. KCD 29587.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

John C. Russell, Raytown, for plaintiff-appellant.

Robert G. Oberlander, Kansas City (Linde, Thomson, Fairchild, Langworthy & Kohn, Kansas City), for defendant-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Plaintiff appeals an order granting summary judgment to the defendant in a damage suit involving a release.

After plaintiff sued Sprague, Sprague filed an answer pleading a general release of Robert Schneider. The plaintiff was a passenger in a vehicle driven by Sprague which was involved in a collision with a car driven by Schneider, and plaintiff was injured. Plaintiff admitted she did not claim any fraudulent inducement by Schneider in the execution of the release, the execution of which she also admitted.

The language of the release is obviously that of general and full release of the claim and the fact that only one tortfeasor is named does not change that result. The trial court's action is fully supported by *New Amsterdam Casualty Company v. O'Brien*, 330 S.W.2d 859 (Mo.1960); *Rogers v. Piper*, 543 S.W.2d 261 (Mo.App.1976); *Liberty v. J. A. Tobin Construction Co., Inc.*, 512 S.W.2d 886 (Mo.App.1974); *Kestner v. Jakobe*, 412 S.W.2d 205 (Mo.App. 1967).

In view of this authority clearly supporting the trial court's action and the assertion by the defendant of a claim for damages for frivolous appeal, the court undertook, in

oral argument, to determine what basis existed for the appeal. With commendable candor, plaintiff's counsel confessed the appeal was brought because of certain underlying circumstances. Those were that the plaintiff was represented at the time of the release by a different attorney who also represented her driver Sprague in his claim against Schneider. Further, that this lawyer asserted the release of Schneider would not release Sprague. A malpractice action against this lawyer is now pending. The lawyer representing the defendant in the malpractice action served a written notice on plaintiff demanding the appeal be taken. The making of that demand cannot affect the respondent's claim that the appeal is frivolous.

The function of damages for a frivolous appeal is twofold. It protects the appellate docket from unmeritorious cases which delay cases with merit, *Whitman v. Livingston*, 541 S.W.2d 61 (Mo.App.1976), and compensates the respondent for the expense incident to the appeal of an unmeritorious claim.

Both of these reasons call for the imposition of damages for frivolous appeal in this case. The present appeal is within the rule of *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50 (Mo.App. 1975), as being one where no justiciable question has been presented, and the appeal is readily recognizable as devoid of merit.

The judgment is affirmed, and damages for frivolous appeal pursuant to Rule 84.19 are assessed against plaintiff-appellant in the amount of Five Hundred Dollars ($500.00) payable to defendant-respondent.

All concur.