**In the Matter of the Incompetency of Leona Mildred MOLES.**

**Clyde O. MOLES, Jr., and Robert G. Leeper and Cindy S. Leeper, Appellants,**

v.

**Leona Mildred MOLES, Incompetent, by her Guardian, Virginia Frances Leeper, Respondents.**

**No. WD 30641.**

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

---

1. So far as here pertinent the state's verdict director removed the assessment of punishment from the jury.

Donald L. Allen, Lee's Summit, for appellants.

John C. Milholland and A. J. Anderson, Harrisonville, for respondents.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and SWOFFORD, JJ.

PRITCHARD, Judge.

The dispositive issue is whether appellants timely appealed an adjudication of incompetency of Leona Mildred Moles, in the probate court to the circuit court.

By verified petition of respondent, Virginia Frances Leeper, on January 5, 1978, for appointment of guardian of the person and estate of Leona Mildred Moles, it was alleged that the latter was incapable by reason of senility or other capacity of managing her property and caring for herself. A notice that the petition would be heard on January 12, 1978, by the probate court was certified by the clerk thereof, to have

been served on appellant, Clyde O. Moles, by ordinary mail on January 6, 1978. Personal service was had upon the alleged incompetent on the same date, January 6, 1978. Counsel was appointed for the alleged incompetent, and a hearing was held on January 12, 1978, resulting in a finding and judgment (of the judge) that she was incompetent and was incapable of managing her property and caring for herself. Respondent, Virginia Frances Leeper, was appointed to have custody of the person and charge of the estate.

On February 8, 1978, appellants, Clyde O. Moles, Jr., Robert G. Leeper and Cindy Leeper, filed their joint and separate motions in the probate court to vacate the findings and appointment of January 12, 1978, and "to rehear the petition allowing fair hearing to each and all aggrieved parties and relatives of Leona Mildred Moles." These joint and several motions were overruled by the probate court (judge) on March 20, 1978, and it is from that order that appellants filed their appeal, on March 29, 1978, to the Circuit Court of Cass County, Missouri. They contend that because their appeal was filed within 30 days from *that* order it was timely under § 472.180, RSMo 1969. Respondents contend, contrarily, that the only appeal authorized is from the action of the *judge* of the probate court adjudicating incompetency, and since the appeal was not filed within 30 days from the January 12, 1978, hearing, it was not timely, the circuit court was without jurisdiction, and it properly dismissed the case on November 21, 1978, sua sponte upon that ground under § 472.180, RSMo 1969. (The references to statutes are those effective at the time this case arose, and was tried, and *not* to those effective January 2, 1979, under the new Judicial Article, Const.Mo., Art. V.)

§ 472.070 sets forth the powers of the clerk of the probate court, subs. 3, providing for the clerk to determine matters not contested, and to make all orders, judgments, etc., that the judge could make, subject to being set aside or modified by the judge within 30 days, and if not set aside or modified, the orders and judgments shall have the same effect as if made by a judge.

An incompetency proceedings is, of course, not an uncontested matter. See § 475.075, providing for notice to the alleged incompetent of the nature of the proceeding; of the time and place of hearing; of the right to be present and be assisted by counsel; and if no licensed attorney appears, the court shall appoint an attorney for the alleged incompetent. See also *State ex rel. Gardiner v. Dickmann*, 175 Mo.App. 543, 157 S.W. 1012, 1015[6, 7] (1913), holding that such suits cannot be proceeded with ex parte, but the informant is one party, and the one proceeded against necessarily being in court by notice, being the other and contesting party.

The hearing here was conducted by the probate judge, not the clerk. The probate judge signed the order of adjudication, not the clerk. It was upon that date, January 12, 1978, that the judgment was entered. § 472.180 controls: "All appeals shall be taken within thirty days after the decision complained of is made. * * *." The latter part of this statute relates to appeals after a motion to modify or vacate an order made by the clerk is denied, or such order is modified or vacated (as such orders are authorized to be made by the clerk under § 472.070, supra). There is no authority to move to vacate or modify a judgment made by a judge, and as suggested by respondents, the motion here made on February 8, 1978, should have been stricken. The appeal to the circuit court here filed on March 29, 1978, is long after the order of adjudication of January 12, 1978, and is more than 30 days after that decision was made. The facts and applicable statutes in *State ex rel. Seiser v. Lasky*, 565 S.W.2d 792 (Mo.App.1978), are inapposite to those applicable here. In *Seiser*, a claimant became dissatisfied with a partial allowance on April 7, 1975 of the claim, and moved to set it aside on October 21, 1975. No appeal was made from the order allowing the claim within 30 days, and the estate had not been closed. The only issue on appeal was whether good cause existed, under § 472.-150, to vacate, modify or grant a rehearing, before the expiration of the period allowed

for appeal after the order of final distribution. The preliminary writ of prohibition was discharged as being too broad, which permitted the circuit court to consider good cause for the motion, and if proved, the court could set aside the allowance of the claim, thus permitting it still to pend. Here, the adjudication of incompetence was final and immediately appealable.

Here, the trial court heard evidence on the appeal, and indicated what its judgment *would* be (no final judgment was entered). Then, upon discovering that the appeal was not timely, it entered its dismissal of the cause because of lack of jurisdiction. This was clearly authorized by Rule 55.27(g)(3). See *Randles v. Schaffner*, 485 S.W.2d 1 (Mo.1972); and *Plant v. Haynes*, 568 S.W.2d 585, 587 (Mo.App.1978), holding that any judgment entered without jurisdiction is absolutely void.

Respondents have moved this court for assessment of damages against appellants for frivolous appeal under Rule 84.19. Clearly here, the appeal was not timely made under the plain requirements of § 472.180, and this should have been apparent to any reasonably competent and diligent counsel. It should be noted that present counsel here entered appearance after the original counsel withdrew in this court. In *Means v. Sears, Roebuck & Co.*, 550 S.W.2d 780, 789[14, 15] (Mo.banc 1977), it was said, "A 'frivolous appeal' is one which presents no justiciable question and is so readily recognizable as devoid of merit on the face of the record that there is little prospect for success." In *Means*, it was found that Sears' appeal was not devoid of merit on the face of the record. The *Means* rule was set forth in *Branson v. Jordan*, 571 S.W.2d 707, 709 (Mo.App.1978), which held that the appeal was an abuse of judicial process, and said further, "To avoid the penalty 'the questions raised on appeal must be at least fairly debatable.' *Brooks v. General Motors Assembly Division*, 527 S.W.2d 50[9–11] (Mo.App.1975)." In *Wright v. Sprague*, 563 S.W.2d 165 (Mo. App.1978), a plaintiff's appeal was deemed frivolous where she had generally released one defendant, and therefore had her case dismissed against another defendant. The court assessed damages for frivolous appeal in the amount of $500, and said, page 166[2], "The function of damages for a frivolous appeal is twofold. It protects the appellate docket from unmeritorious cases which delay cases with merit, *Whitman v. Livingston*, 541 S.W.2d 61 (Mo.App.1976), and compensates the respondent for the expense incident to the appeal of an unmeritorious claim."

Respondents suggest that they are entitled to damages, in part, for frivolous appeal by reason of the fact that appellants took warranty deeds from Mrs. Moles of her 460 acre farm after she was adjudicated incompetent, and withheld the possession thereof from the guardian. Those damages, if any, are not incident to this appeal, but could be presented if there is filed a suit to set aside the deeds. Respondents are entitled to damages for their expenses in procuring a copy of the trial transcript, the cost of their briefs, and for attorney's fees on this appeal, and they should be allowed $1,500.00 therefor.

The judgment of dismissal of the trial court is affirmed, but the case is remanded with directions to enter a judgment against appellants and in favor of respondents in the amount of $1,500.00 as and for damages for frivolous appeal.

All concur.