**ANTIOCH TRAVEL CENTER,**
Respondent,

v.

**Regis PHILLIPS, Appellant.**

**No. WD 34524.**

Missouri Court of Appeals,
Western District.

Aug. 28, 1984.

Dan Dykstra, Kansas City, for appellant.

Allan W. Zimmerman, Kansas City, for respondent.

Before PRITCHARD, P.J., and MAN-FORD and NUGENT, JJ.

PER CURIAM:

Defendant appeals the judgment of the circuit court in a bench-tried case awarding the plaintiff $573.75 and interest in the amount of 9% from December 26, 1979.

We review under Rule 73.01(d) and the dictate of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976) (en banc). The plaintiff's claim was based upon the sale of airline tickets. The plaintiff is a travel agency with which the defendant had done business for many years. In December of 1979 the defendant and his then-wife and three stepchildren had driven to Philadelphia in a van for the purpose of visiting the defendant's wife's family over the Christmas holidays. A marital dispute erupted on Christmas Eve, and the defendant got into the van and drove it back to Kansas City, leaving his wife and stepchildren in Pennsylvania. On the morning after Christmas the defendant called his wife at her mother's house and asked her to return home to Kansas City. The wife testified that she

pointed out to her husband that he had taken the car and left her with no money and the children who had to be back in school. She told him she would have to fly back. She asserted that the defendant said, "That's no problem. There's never been a problem. Just call Phyllis." She said that a second call from her husband the same day reiterated that the tickets could be at the airport when she got there "and you know how to do that." The Phyllis referred to was the proprietor of the plaintiff travel agency. The agency had on numerous occasions issued tickets at the wife's request and had always looked to the defendant for payment since the account was in his name.

The travel agency's evidence was that an employee who received the call from the wife issued a pre-paid ticket from Philadelphia to Kansas City for her and the children in the total amount of $573.75. The defendant acknowledged that he received the invoice in that amount dated December 26, 1979. He and his wife were divorced in the fall of 1980. The travel agency's evidence was that no one had ever paid for the tickets. The defendant's wife also testified that both before their marriage and afterwards tickets were routinely ordered from the plaintiff travel agency and paid for by a corporation owned by the defendant, although the account with the travel agency was in his name and not in the name of the corporation. The defendant flatly denied authorizing his wife to purchase the tickets.

The issue thus turns on the credibility of the defendant's former wife who testified unequivocally to actual authority from the defendant to charge the tickets to his account during the time the parties were husband and wife. The record included ample evidence upon which the trial court could have found that the defendant specifically authorized his wife to order the tickets from the plaintiff travel agency and charge them to his account. That, together with the settled practice of the defendant to permit his wife to order tickets and charge them to that account which he sub-

sequently paid, is sufficient to authorize the trial court to enter the judgment it did against the defendant in the amount of $573.75.

The case is analogous to and controlled by *Hays v. Cox*, 185 S.W. 1164 (Mo.App. 1916). In that case, the wife testified to her husband's giving her authority to purchase items for her daughter and charge to his account. The court affirmed the judgment saying that the evidence supported the finding that the goods were sold to the husband through the expressly authorized agency of the wife. More recent authority is lacking, perhaps because no one has had the temerity to challenge the liability of the husband to a third party when the proof shows and the court finds express authority to bind the husband.

Plaintiff has filed a motion for damages asserting that the appeal is frivolous and supported that motion with suggestions pursuant to Rule 84.19. The plaintiff's suggestions point to the appropriate scope of review under Rule 73.01 and directs our attention to the evidence detailing the actual authority to purchase set forth in that testimony. The defendant in his counter suggestions attempts to argue that because the ex-wife had once worked for the plaintiff agency and had probably purchased tickets herself which negated any question of agency or agreement to pay.

The suggestions do not address or refute the claim of the plaintiff in the motion, and the brief filed by the defendant on the merits is simply not responsive to the issue of direct authorization. Appellant's brief contains three points. The first point asserts that the judgment was against the weight of the evidence because no substantial evidence was adduced to show that Mary Ann Phillips was authorized by the defendant to charge his account for airline travel either for herself or for her three children. That point is completely frivolous as the recital of the evidence supporting that finding and judgment shows.

The other two points briefed are that the airline tickets were not necessaries and the related argument that the record did not

show the stepchildren involved in the travel were residents of the home and under twenty-one years of age. Under the pleadings, evidence and judgment, those issues are irrelevant.

■ Thus, the only issue raised that is even relevant is the claim that the evidence was insufficient to show express authority to charge the husband's account. That is not a "fairly debatable" question. The test for finding the appeal frivolous is satisfied. *Doran, Inc. v. James A. Green, Jr. & Co.,* 654 S.W.2d 106 (Mo.App.1983); *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, 54 (Mo.App.1975).

Plaintiff's motion for damages for a frivolous appeal is sustained. Pursuant to Rule 84.19, the amount of such damage is determined to be $350.00.

The judgment in the amount of $573.75 and interest at 9% from December 26, 1979, is affirmed. The cause is remanded to the trial court with directions to enter a judgment for plaintiff and against defendant in the amount of $350.00 as damages for frivolous appeal.