Donald HOLMAN, Appellant,

v.

ACE GLASS COMPANY, Respondent.

No. WD 35450.

Missouri Court of Appeals,
Western District.

Nov. 6, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 26, 1984.

Application to Transfer Denied
April 30, 1985.

Elwyn L. Cady, Jr., Independence, for appellant.

A. Warren Francis, Lloyd A. Hamrick, and Jeff O'Connor, Kansas City, for respondent.

Before TURNAGE, C.J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is an original action seeking damages for an alleged defamation. The trial court directed a verdict for defendant at the close of plaintiff's case. The judgment is affirmed.

The sole point presented herein charges that the trial court erred in directing a verdict at the close of plaintiff's case because plaintiff, by his evidence, had made a prima facie case for slander per se.

In summary, the facts are as follows.

The only evidence produced by plaintiff-appellant was from one Mark Land, an employee of plaintiff. The Land testimony revealed that in 1980, plaintiff made arrangements to purchase a door from defendant-respondent. In April, 1981, the employee Land received a phone call from an individual identified as Vic at Ace Glass Company. This telephone conversation included reference to an earlier phone conversation between "Vic" and plaintiff. It was during the latter phone conversation (between Vic and Land) that the alleged slanderous statement was made. Land testified that plaintiff-appellant had told Vic that the door purchased in 1980 had already been paid for. Vic called back and directed the following statement to Land: "Tell Don he fed me some ——— about this door being paid for and it's not ..." Land testified that this caused him (Land) to wonder about plaintiff's-appellant's credibility for at least the twenty minutes that it took Land to seek and locate the cancelled check indicating payment.

The trial court directed a verdict. This appeal followed.

Appellant's sole point is taken up and after full consideration, is found to be meritless and thus ruled against him because of the following reasons:

■ (1) Missouri recognizes four categories within which statements can be considered slanderous per se. These are (1) those which impute a crime, (2) those regarding a loathsome disease, (3) remarks as to the unchastity of a woman, and (4) those affecting the offended party in his trade and business. *Hunt v. Gerlemann,* 581 S.W.2d 913, 914 (Mo.App.1979).

■ (2) Appellant's contention that the statement attributed to Vic and made to Land comes within (4) above fails for a lack of showing that the alleged statement affected appellant's trade and business. The general rule regarding business reputation is stated in *Arthur v. Jablonow,* 665 S.W.2d 364, 366 (Mo.App.1984). The *Jablonow* court held:

> As a general rule, false words which tend to prejudice the person spoken of in his business, profession ... are actionable without proof of special damages if they affect him in such calling in a manner that may, as a necessary consequence, or does, as a natural consequence, prevent him from deriving therefrom that pecuniary reward which, probably he might have obtained. The words must impute a want of knowledge, skill, capacity, or fitness to perform or discharge the duties of a profession, trade, business or employment, or stated another way, to be actionable per se the words must be defamatory of the plaintiff in such calling in that they impute fraud, want of integrity or misconduct in the line of his calling.

■ (3) Whether a statement is actionable per se is a question of law which this court may determine. *Jablonow, supra.* See also *Missouri Church of Scientology v. Adams,* 543 S.W.2d 776, 777 (Mo. banc 1976) and *Restatement of Torts* (Second) § 573 (1977). Appellant has offered no evidence that the statement had any effect upon his business or reputation or that it in any manner interfered with his business pursuit.

There is no merit to this appeal. Appellant's sole point is ruled against him. The trial court did not err in directing a verdict for defendant-respondent.

■ Pursuant to Rule 84.19, respondent requested the assessment of damages for frivolous appeal. Under the rule, the definition of a frivolous appeal is one which presents no justiciable question and is so

**564**

readily recognized as devoid of merit on the record that there is little prospect the appeal can succeed. *City of Cape Girardeau v. Robertson,* 615 S.W.2d 526, 532 (Mo.App. 1981). "The purpose of assessing damages for frivolous appeals is to protect the appellate dockets from unmeritorious cases which delay the resolution of cases with merit and to compensate respondents for expenses incident to the appeal." *Woodley-Griggs Boiler Repair, Inc. v. Sanders,* 626 S.W.2d 410, 413 (Mo.App.1981). In order to avoid such a penalty, the issues on appeal must be at least fairly debatable. The instant case comes within the rules announced by *Robertson* and *Sanders, supra.* There is hereby assessed damages in the sum of five hundred dollars ($500.00) against appellant to the favor of respondent.

The judgment is affirmed.

All concur.