Richard W. POLLOCK, Appellant,

v.

Joel J. PESAPANE, Theresa L. Pesapane, Jeffrey S. Morgan, and Marjorie S. Moskowitz, Respondents.

No. 52717.

Missouri Court of Appeals, Eastern District, Division Five.

June 23, 1987.

Eugene E. Eimer, St. Louis, for appellant.

Brian P. Seltzer, Popkin & Stern, Clayton, for respondents.

SNYDER, Chief Judge.

Plaintiff, Richard W. Pollock, appeals from a summary judgment in favor of all defendants in an equitable action instituted by plaintiff for the redemption of certain real property after a foreclosure.

Although appellant's two points relied on arguably comply with Rule 84.04(d), in them he does not say specifically and factually why the trial court erred. He says only that there are genuine issues of material fact, without saying what the issues are, and that the record does not support summary judgment as a matter of law without saying why. Appellants points are, at best, minimally adequate. *See Thummel v. King,* 570 S.W.2d 679, 685 (Mo.banc 1978).

■ Appellant's points are totally without merit. He is seeking equitable, not statutory, redemption. He did not comply with the notice, payment or time requirements of § 443.410 RSMo.1986 which authorizes redemption of real property sold on foreclosure. After the foreclosure appellant admitted that he accepted and receipted for the portion of the proceeds of the foreclosure sale which was due him as the mortgagor of the property. Appellant cashed the check for his share of the proceeds and spent a portion of the amount he received.

■ A court of equity will not grant an equitable redemption if the mortgagor has accepted the proceeds from a foreclosure sale of his own real property. The mortgagor is estopped to deny the validity of the foreclosure sale. *Cobb v. Massey,* 160 S.W.2d 733, 735 (Mo.1942); *Macon-Atlanta State Bank v. Gall,* 666 S.W.2d 934, 940, 941 [7-8] (Mo.App.1984).

■ Appellant argues tnat he offered to pay to redeem the property, which respondents deny, and contends that this is a disputed issue of material fact. Although the trial court could have found that there was no offer or tender as a matter of law, it is unnecessary for this court to decide that question. Appellant effectively waived his right of redemption when he accepted the proceeds of the foreclosure sale and he is estopped from denying the validity of the sale.

■ This court determines that appellant's appeal is frivolous and wholly without merit. The respondents Pesapanes have requested the assessment of damages for the filing of a frivolous appeal as this court is authorized to do by Rule 84.19. It should have been obvious to appellant that the acceptance of a portion of the proceeds of the foreclosure sale estopped him from succeeding in his action in equity to redeem the property.

Appellant has caused each of the defendants in this case to expend substantial sums of money for costs and legal fees on appeal. This court, therefore, exercises its discretion under Rule 84.19 and remands the cause with directions to enter judgments against the appellant and in favor of each respondent, the two Pesapanes to be considered one respondent, in the amount of $500.00, for a total of $1500.00, judgments that will only partially reimburse the defendants for the unnecessary expenditures the appellant caused them to make. *Matter of Moles,* 594 S.W.2d 348, 351 [3, 4] (Mo.App.1980); *Brooks v. General Motors Assembly Division,* 527 S.W.2d 50, 54 [12] (Mo.App.1975).

The summary judgments of the trial court are affirmed. The cause is remanded with directions.

CARL R. GAERTNER, J. and SIMEONE, Senior Judge, concur.