**PROPERTY EXCHANGE & SALES, INC., Plaintiff/Appellant,**

v.

**Robert GARRETT, et al., Defendants/Respondents.**

No. 68935.

Missouri Court of Appeals, Eastern District, Division Three.

June 4, 1996.

Sylvan H. Robinson, St. Louis, for appellant.

Richard C. Bresnahan, Clayton, for respondents.

Before GERALD M. SMITH, P.J., and GARY M. GAERTNER and RHODES RUSSELL, JJ.

PER CURIAM.

Plaintiff appeals from the Circuit Court of St. Louis County's grant of defendant's Motion to Dismiss his action. We affirm and assess $1000 in damages against plaintiff for its frivolous appeal.

Plaintiff in the present case has brought suit against defendant three times previously, each time seeking the return of its $520.00 security deposit. The present action seeks to recover $384 plus interest representing the face amount of a check written by defendants to plaintiff as a partial refund of the security deposit. The check was dated October 3, 1988, and payment was refused October 21, 1993 because "endorsement cancelled". The first action was dismissed for plaintiff's failure to have an attorney represent the plaintiff corporation and the second was dismissed on grounds of *res judicata.* We affirmed the first dismissal, *Property Exchange & Sales, Inc. by Jacobs v. Bozarth,* 778 S.W.2d 1 (Mo.App.1989), reversed the second, *Property Exchange & Sales, Inc. v. King,* 822 S.W.2d 572 (Mo.App.1992) (*King I*). King I was reversed and remanded for rehearing. On remand, all counts except the statutory relief for return of a security deposit (§ 535.300 RSMo) were dismissed. The statutory count was set for trial, but dismissed when plaintiff was not ready to proceed. Plaintiff appealed the dismissal of the non-statutory counts to this court. We affirmed the dismissal. *Property Exchange & Sales v. King,* 863 S.W.2d 12 (Mo.App. 1993) (*King II*). When plaintiff filed his third action, the small claims court dismissed it due to the expiration of the statute of limitations. After this third case was heard *de novo,* the circuit court again dismissed it because of the expiration of the statute of limitations. This court affirmed that ruling. *Property Exchange & Sales, Inc. v. Gochberg,* 897 S.W.2d 624 (Mo.App.1995).

Plaintiff filed the present suit as a single count in the St. Louis County Small Claims Court. After defendant moved to dismiss the action, plaintiff filed a Motion for Trial De Novo in circuit court, which was granted. In circuit court defendant's refiled Motion to Dismiss was granted. Plaintiff then filed a motion for a new trial, which the circuit court overruled. Plaintiff now appeals the dismissal.

Plaintiff's sole argument on appeal is that the trial court erred in sustaining defendant's motion to dismiss this action. Plaintiff claims that this cause of action, based on a writing for the payment of money, was a separate and distinct cause of action, unrelated to the previous litigation between the

parties. The defendants contend that plaintiff has impermissibly attempted to split a cause of action, because this suit arises out of the same transaction as the previous litigation. Defendants also note that the allegations plaintiff makes in the present litigation have all been raised in the prior suits, and therefore the doctrines of *res judicata* and collateral estoppel bar a trial court's consideration of this matter.

In reviewing the lower court's decision, it is important to note that where a trial court sustains generally a motion to dismiss and there is any meritorious ground alleged in the motion to justify its sustention, the ruling must be affirmed. *Spearman v. University City Public School Dist.*, 617 S.W.2d 68 (Mo. banc 1981) [4].

A single cause of action may not be split and tried in separate suits. If such splitting is attempted, an adjudication on the merits in the first suit will act as a bar to any subsequent suits. *King General Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495 (Mo. banc 1991) [10–13]. The prohibition against splitting a single cause of action serves to protect both the courts and the litigants from the harassment of repetitious litigation. *Buder et al. v. Fiske et al.*, 174 F.2d 260 (8th Cir.1949); *Burke v. Doerflinger*, 663 S.W.2d 405 (Mo.App.1983) [4]. The test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; or 2) whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. *King General Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495 (Mo. banc 1991) [10–13].

In the present case, although plaintiff claims that this suit is merely to recover from defendants on their dishonored check, and is unrelated to the previous litigation, defendants in fact wrote this check to plaintiff as payment for its security deposit. This is the same security deposit that was the subject of all the prior litigation between the plaintiff and defendants. The check was is-sued prior to the filing of the first of plaintiff's petitions. The present suit and the prior litigation arose out of a single rental contract between plaintiff and defendants. As matters arising out of this same rental contract have previously been adjudicated on the merits in *King II supra*, and *Property Exchange & Sales v. Gochberg, supra*, further causes of action on the contract are barred. The trial court did not err in sustaining defendants' motion.

Defendants state in their brief that plaintiff has brought these four successive suits in an attempt to harass them, and request damages for plaintiff's frivolous appeal. The purpose of assessing damages for frivolous appeals is to protect the appellate dockets from unmeritorious cases which delay the resolution of cases with merit and to compensate respondents for expenses incident to the appeal of unmeritorious claims. *Woodley–Griggs Boiler Repair v. Sanders*, 626 S.W.2d 410 (Mo.App.1981) [4]; *Matter of Estate of Voegele*, 838 S.W.2d 444 (Mo.App.1992) [6, 7]. To avoid a penalty, the questions plaintiff presents on appeal must be at least fairly debatable. *Woodley–Griggs Boiler Repair, supra*.

Plaintiff has been litigating variant theories of its $520.00 security deposit claim for the past eight years. Different versions of this case have appeared before this court four times previously, before St. Louis County Circuit Court five times, and before St. Louis County Small Claims Court twice. The matter has already been surely and finally decided. The instant case was clearly unmeritorious, and the question presented was not fairly debatable. Defendants deserve compensation for the time and costs of responding to such a futile appeal. Damages of $1000 are assessed against plaintiff.

Judgment affirmed. Damages of $1000 for frivolous appeal assessed against plaintiff.