Janet L. DOMINICK,
Plaintiff-Appellant,

v.

SEARS, ROEBUCK & COMPANY, et
al., Defendants-Respondents.

No. 52681.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 8, 1987.

Thomas J. Casey, St. Louis, for plaintiff-appellant.

Valerie Gail Richardson, St. Louis, for defendants-respondents.

DOWD, Judge.

Plaintiff appeals from the judgment of the trial court sustaining defendants' motion for judgment notwithstanding the verdict or in the alternative motion for new trial after the jury awarded plaintiff $10,-000.00 in actual damages and $100,000.00 in punitive damages for libel arising from the failure to remove an unfavorable credit rating on a credit report. We affirm.

The source of this dispute is a mismatching of credit information apparently due to a similarity in identifying information between two individuals named Janet Dominick. Both women named Janet Dominick had been married to James Dominick and each at one time had lived at the same address in St. Clair, Missouri.

Janet Faye Dominick was the first wife of James Dominick. They were married in 1968 and divorced in 1979. While they were married they lived at an address on Redwood Drive in St. Clair, Missouri.

Plaintiff, Janet Louise Dominick, is the second and current wife of James Dominick. They were married in June of 1981 and also resided at the address on Redwood Drive through 1983. Credit acquired during the marriage of James and his first wife Janet Faye was mistakenly reported on the credit history of James' second wife Janet Louise.

In December 1969, while James Dominick was marred to his first wife Janet Faye, James opened a charge account with Sears, Roebuck & Co. (hereinafter Sears). James was the sole obligor under the charge account security agreement. Janet Faye, however, was an authorized purchaser on the account. The charge application included Janet's name, place of employment, and information on Janet Faye and James Dominick's joint checking account. The application, however, did not include Janet's middle initial, social security number, or date of birth.

In the latter part of 1978, James Dominick began experiencing financial difficulties. As a result, his Sears account became delinquent. In November 1979, James and Janet Faye were divorced. Sears was not notified of this fact. In December 1980, the delinquent account was turned over to Sears' uncollectible accounts department. The account was assigned an R-9 credit rating on a scale ranging from R-1 to R-9 with R-1 being the most favorable rating.

James Dominick married plaintiff Janet Louise Dominick in June 1981. The Sears account was eventually paid off and closed in September 1982. After the account was paid, Sears upgraded the credit rating on the account to an R-5 rating, indicating the account was slowly paid.

The statement at issue was made by Sears in September 1982 and was transmitted to Trans Union Credit Bureau that James J. Dominick with spouse Janet, maintained an R-5 account with Sears. Sears made this statement knowing the information would also be included on the spouse Janet's credit report.

In 1984, plaintiff Janet Louise Dominick applied for a loan at three financial institutions but was denied credit. Janet Louise then applied for a loan at a fourth lender and was told for the first time that her credit was being denied due to information received from Trans Union Credit Bureau indicating a slow payment history.

In July 1984, plaintiff went to the offices of Trans Union and requested a copy of her credit report. This report contained four entries, none of which could be identified by plaintiff as belonging to her. The re-

port listed a Sears account with an R–5 rating. The report also listed two accounts with favorable credit ratings of R–1, an automobile loan and mastercard account, which likewise belonged to James and his first wife Janet Faye. The fourth and final entry on the credit report, which also had a favorable rating, could not be identified by plaintiff as being hers. Credit that plaintiff had established in her maiden name did not appear on the report. Plaintiff acknowledged that a credit history under her maiden name would have revealed that she was forced to file bankruptcy in 1978.

Plaintiff did not contest with Trans Union the entry listing a Sears account with an R–5 rating or the other entries that did not belong to her. Likewise, plaintiff did not inform Trans Union of the absence of her credit history on the credit report or of the fact there were two women named Janet Dominick. Instead, plaintiff wrote to Sears requesting that Sears correct the credit report as the account listed was not hers. Plaintiff made no mention to Sears of the fact there were two women named Janet Dominick.

After failing to receive a response from Sears, in August 1984 plaintiff returned to the offices of Trans Union to see whether her credit report had been corrected. The entry listing a Sears account with an R–5 rating had not been deleted. In September 1984, plaintiff wrote a second letter to Sears. Again she made no mention of the fact that there were two women named Janet Dominick but simply requested that the adverse rating be removed as it was not her account. In response, Sears sent plaintiff a phonegram directing her to call a Mrs. Gaines at Sears' credit department.

In October 1984, plaintiff telephoned Mrs. Gaines, Sears' collection correspondent for uncollectible accounts. Mrs. Gaines explained that the credit rating for the account had been upgraded from an R–9 to R–5. The evidence was conflicting, but viewed in a light most favorable to plaintiff, plaintiff informed Mrs. Gaines during their telephone conversation of the fact there were two women named Janet Dominick who had been married to the account holder James Dominick. According to plaintiff, Mrs. Gaines stated she did not believe plaintiff and would not remove the credit rating.

Thereafter, plaintiff made several applications for credit which were denied because of the delinquent credit history reported by Trans Union. In December 1984, plaintiff returned to Trans Union to obtain a third copy of her credit report. The Sears entry with an R–5 rating remained. At no time did plaintiff inform Trans Union of the fact there were two women with the name Janet Dominick and that the credit history of her husband's former wife was being listed on her credit report.

Thereafter, plaintiff brought this libel action against Mrs. Gaines and Sears alleging defendants transmitted credit information to Trans Union Credit Bureau that contained the statement that a Janet Dominick maintained an account with Sears that was assigned an R–5 rating, that this statement was false as to plaintiff, and that defendants intentionally failed to remove this statement after they obtained knowledge that such statement was false as to plaintiff.

The jury returned a verdict for plaintiff against both defendants, awarding actual damages in the amount of $10,000.00. Punitive damages, in the amount of $100,-000.00, were awarded only against defendant Sears. Thereafter, defendants filed a motion for judgment notwithstanding the verdict or in the alternative motion for new trial. The trial court sustained both of defendants' motions and entered judgment for defendants and in the alternative granted defendants' motion for new trial. Plaintiff appeals.

We affirm the judgment of the trial court on grounds the statement at issue was a true statement and could not serve as a basis for a libel claim. Plaintiff's theory for recovery sounds in negligence rather than libel. As we find for defendants on the merits, we accordingly deny defendants' motion to dismiss plaintiff's appeal and motion to strike plaintiff's brief.

When reviewing a judgment for defendant notwithstanding the verdict, the

evidence is viewed in the light most favorable to the plaintiff and plaintiff is given the benefit of reasonable inferences to be drawn therefrom. *Stark v. American Bakeries Co.,* 647 S.W.2d 119, 121 (Mo. banc 1983). Plaintiff, however, is bound by the uncontradicted testimony of his own witnesses. *See, Hurlock v. Park Lane Medical Center,* 709 S.W.2d 872, 879 (Mo. App.1985). The action of the trial court in entering judgment notwithstanding the verdict need only be supported by one of the grounds in the motion. *Goodenough v. Deaconess Hospital,* 637 S.W.2d 123, 125 (Mo.App.1982).

It was plaintiff's uncontradicted testimony that the account in question was an account her husband had opened while married to his first wife Janet Faye and that Sears intended the information to be included on Janet Faye's credit report. Likewise, it was the testimony of plaintiff's own witness, James Dominick, that he opened the account while he was married to his first wife Janet Faye, the charge account application included information regarding his first wife such as her name Janet and her employer, and that the account had become delinquent.

■ Thus, the statement made by Sears that James Dominick, with wife Janet, maintained an R–5 rated account with Sears, was a true statement as a matter of law.[1] Imputation of the adverse credit information to plaintiff Janet Louise Dominick was effected by the credit reporting agency. Regardless of who had the burden of proof on the issue,[2] the evidence as to the truth of the statement was susceptible of but one inference.

Plaintiff further contends the statement at issue was false even as to James Dominick's first wife Janet Faye as Janet Faye was not contractually liable on the account. Whether or not defendants were authorized to report credit information on Janet Faye Dominick is a legal issue unrelated to a libel action and does not effect the truth of the statement at issue. In that regard we simply note it was the testimony of plaintiff's own witness, James Dominick, that his wife Janet Faye was an authorized purchaser on the Sears account. Provisions of the Equal Credit Opportunity Act,[3] 15 U.S.C. § 1691 *et seq.,* in effect at the time the statement at issue was made, and pleaded by defendants as an affirmative defense, seemed to require defendants to provide credit information in the name of each spouse where a spouse is permitted to use an account regardless of whether that spouse is contractually liable on the account.

■ We conclude the trial court did not err in entering judgment for defendants notwithstanding the verdict as a true statement cannot form the basis of a libel action. The issue of whether or not Sears had a duty to supply further identifying information in order to avoid a mismatching of credit information or whether Sears had a duty to correct false statements made by the credit reporting agency are issues sounding in negligence, not libel.

---

1. Article I, § 8 of the Missouri Constitution provides in relevant part: "[I]n all suits and prosecutions for libel or slander the truth thereof may be given in evidence; and in suits and prosecutions for libel the jury, under the direction of the court, shall determine the law and the facts." This provision was intended for the benefit of defendants and has been interpreted to mean a court may not direct a verdict for plaintiff in a libel case. *Lupkey v. Weldon,* 419 S.W.2d 91, 93 (Mo. banc 1967); *see also, Jacobs v. Transcontinental & Western Air,* 358 Mo. 674, 216 S.W.2d 523, 527 (1948). Where the evidence as to truth is undisputed and is susceptible of but one inference a nonsuit or directed verdict in favor of defendant is proper. 53 C.J.S. *Libel & Slander* § 227 (1948).

2. We need not decide whether Sears is entitled to a qualified privilege as one who furnishes credit information to a credit reporting agency, in which case the burden of proving the falsity of the statement at issue rests on plaintiff. *Pulliam v. Bond,* 406 S.W.2d 635, 641 (Mo.1966).

3. The purpose of the Equal Credit Opportunity Act was to address discrimination against women in the granting of credit and reporting of credit information. Regulation B, 12 C.F.R. § 202.10(b) (1982), required creditors to determine whether an applicant's spouse was permitted to use the account and if so to report credit information pertaining to the account in a manner that would enable a consumer reporting agency to provide access to the information in the name of each spouse.

Plaintiff's libel theory, that defendants failed to remove an unfavorable credit rating, would have us find liability on the part of defendants for a libelous statement made and published by a third party, the credit reporting agency. Plaintiff cites dated cases from other jurisdictions annotated in 28 A.L.R.2d 1454 (1953), which form the basis of the rule announced in Restatement (Second) of Torts § 577(2) (1977), that "[o]ne who intentionally and unreasonably fails to remove defamatory matter that he knows to be exhibited *on land or chattels in his possession or under his control* is subject to liability for its continued publication." (emphasis added). The classic illustration of this rule is the situation of the tavern owner who fails to remove, after knowledge thereof, a libelous statement about plaintiff written by another on a wall in the restroom of his establishment. The tavern owner is subject to liability for the continued publication of the libel. Restatement, *supra*, § 577(2) Illustration 15.

We have found no Missouri case that has recognized such a theory of libel. Even if this theory was adopted by Missouri courts it would not be applicable here. The basis of this theory of liability is "the duty not to permit the use of [one's] land or chattels for a purpose damaging to others outside of [one's] land." Restatement, *supra*, § 577(2) Comment p. In the case at bar a defamation on the land or chattels of defendants is not involved. At issue is a defamatory statement made by a third party on a credit report issued by that third party. We find no basis to extend this rule of liability to the case at bar.

Unlike the owner of land or chattels exhibiting a defamation, the defendants here do not have an established duty to remove a defamation made by a third party in a report issued by that third party. With plaintiff's case being brought as a libel

action, plaintiff was not required to plead or prove that defendants had a duty or the power to correct a mismatching of credit information by the credit reporting agency.[4] Plaintiff's "failure to remove" theory of recovery sounds in negligence, not libel.

As we conclude the trial court did not err in entering judgment for defendants notwithstanding the verdict on grounds the statement at issue was true and could not provide the basis for an action in libel, we need not address plaintiff's remaining points of error directed towards the court's additional grounds for entering judgment notwithstanding the verdict and for granting a new trial.

Judgment affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.

---

**4.** We note that the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* places a duty on the consumer credit reporting agency, but not the retail supplier of credit information, in cases such as here where the accuracy of a credit report is disputed. In such instances the credit reporting agency is required to reinvestigate the information and if the information reported cannot be verified it must be promptly deleted. 15 U.S.C. § 1681i(a). By failing to notify Trans Union Credit Bureau of the fact there were two women named Janet Dominick, plaintiff apparently chose not to seek a prompt resolution of the problem.