Otto **MATYSKA** and Richard **Chandler**, Plaintiffs–Appellants,

v.

George R. **STEWART**, Defendant–Respondent.

No. 57991.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 15, 1991.

Daniel B. Hayes, Clayton, for plaintiffs-appellants.

Edwin V. Butler, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiffs, Otto Matyska and Richard Chandler, appeal from an order of the trial court which dismissed their petition for failure to allege a cause of action for libel against George R. Stewart. The sole basis for their cause of action is a letter Stewart authored on December 13, 1988, which was addressed to "Secretary, Arnold Rifle and Pistol Club." Plaintiffs attached and incorporated the letter into the petition.[1] Rule 55.12. On appeal plaintiffs claim their petition states a cause of action because Stewart "did in fact libel [plaintiffs] by falsely accusing them of criminal conduct and professional incompetence and improprieties." We affirm.

Matyska, Chandler and Stewart were all members of the Arnold Rifle and Pistol Club (ARPC). All members are subject to the rules and bylaws of the club. In December 1988 Stewart, who was match director, wrote the letter in issue and requested that disciplinary measures be taken against plaintiffs for "repeated instances of GROSS UNSPORTSMAN LIKE BEHAVIOR and a total disregard for ARPC and IPSC[2] rules and regulations." Stewart charged Chandler with:

(1) failing to return club records after his tenure as match director; and

(2) parking his automobile so as to block the traffic lane and thus, endangering the safety of the range area in the event an emergency vehicle was needed.

Stewart charged Matyska with:

(1) challenging the authority of the range officer on rule violations;

(2) attempting to start arguments with Stewart during competition using loud, profane, and obscene language;

(3) failing to return club property after his tenure as match director;

(4) assisting shooters with equipment failure; and

(5) airing grievances to IPSC officials at a match.

Further, Stewart charged that plaintiffs distracted shooters and disrupted matches by their behavior; failed to assist Stewart as match director; and complained of unpublished match descriptions. Finally, Stewart opined that plaintiffs were only shooting for money and self-serving purposes.

Stewart described in detail the facts and incidents he observed supporting his allegations. Stewart set forth his "opinion" on how plaintiffs' behavior affected competitions, shooting matches and the club's reputation. Stewart closed the letter by requesting that the board of directors discipline plaintiffs. Acting upon the allegations contained therein, the board of directors ultimately expelled plaintiffs from the club. In response to plaintiffs' petition, Stewart filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiffs appeal order sustaining the motion.

The sole issue on appeal is whether the allegations contained in the letter were legally libelous when stripped of innuendo. Plaintiffs contend the court erred in dismissing their petition because Stewart's remarks constituted libel per se. Plaintiffs argue analysis of the letter reveals accusations of criminal conduct as well as official and professional incompetence.

 When reviewing this dismissal for failure to state a cause of action, we grant the petition its broadest intendment, treat all facts alleged as true, and construe allegations favorable to plaintiffs to determine

---

**1.** Page three of the letter is not contained in the record on appeal.

**2.** IPSC is an international shooting organization.

whether they involve principles of substantive law and inform the defendant of what plaintiffs will attempt to establish at trial. *Defino v. Civil Center Corp.*, 718 S.W.2d 505, 509 (Mo.App.1986). The trial court's duty on a motion to dismiss is to construe the petition liberally, giving plaintiffs the benefit of all inferences fairly deducible from the facts in the petition. *Id.* at 510. We will uphold the dismissal only if plaintiffs could not recover on any theory pleaded. *Id.*

■ We apply the slander per se analysis to this libel case. *Smith v. UAW–CIO Fed. Credit Union*, 728 S.W.2d 679, 682 (Mo.App.1987). A libel is actionable per se if it falsely imputes to plaintiffs: (1) the commission of a criminal offense; (2) a loathsome disease; (3) a matter incompatible with his business, trade, or profession or office; or (4) a serious sexual misconduct. *Id.* A libel is actionable per se if it is injurious to plaintiffs' reputation without resorting to extrinsic facts. *Willman v. Dooner*, 770 S.W.2d 275, 278 (Mo.App. 1989). Words considered libel per se must be construed as injurious or derogatory without innuendo. *Id.* When determining whether words alleged to be libelous are defamatory, the words must be read in connection with the whole publication, not in isolation. *Hagler v. Democrat–News, Inc.*, 699 S.W.2d 96, 99 (Mo.App.1985).

■ Plaintiffs contend Stewart accuses them of the crimes of stealing, parking to obstruct traffic and peace disturbance. We do not agree. Stewart has not charged plaintiffs with specific criminal conduct which would be a statement of fact. Rather, Stewart wrote in terms of his opinion that plaintiffs had violated the rules and bylaws of ARPC. The charges are repeatedly couched in terms of opinion. Viewed in context, a reader could not believe the charges had been established or that plaintiffs had committed crimes. *See Id.*

Plaintiffs also contend Stewart imputes to them incompetence in relation to their official duties as general members, and as appointed officials of ARPC. Thus, plaintiffs contend the letter is actionable as libel per se under the business imputation prong. Plaintiffs alleged they earn a livelihood as professional marksmen, gunsmiths, and gun and bullet manufacturers.

■ In Missouri libel imputing conduct affecting business, trade or calling is not confined to the vocation at which one works regularly for a living. *Smith*, 728 S.W.2d at 683. " 'The rule also applies to *offices* held in private organizations such as labor unions, churches, fraternities, clubs and learned societies.' " (Our emphasis). *Id.* (quoting Restatement (Second) of Torts § 573 b (1977)). Stewart's letter charges plaintiffs with gross unsportsmanlike behavior when plaintiffs are merely members and no longer officers. For example, Stewart "believes" plaintiffs had by virtue of being former officers of ARPC records and property in their possession, which as members they are no longer entitled to possess. Steward does not accuse plaintiffs of a "payback scheme" designed and executed for their enrichment when they were officers. Rather, Stewart states because he does not publish match descriptions ahead of time, plaintiffs are unable to rehearse for competitions. Hence, in 1988 the club retained a greater percentage of the proceeds and more shooters got some payback "than in previous years when [plaintiffs] took home the lions [sic] share of the winnings." The words which plaintiffs allege are libel per se and defamatory to plaintiffs as officers, do not by themselves without innuendo, reference conduct by plaintiffs as officers of the ARPC. We decline to extend the rule to mere membership held in private organizations.

■ In their petition plaintiffs allege the letter has damaged their reputations and deprived them from being able to continue their livelihood as professional marksmen, gunsmiths, and gun and bullet manufacturers. However, statements of opinion are absolutely privileged. *Willman*, 770 S.W.2d at 278. We must determine whether as a matter of law the statements made in the letter were facts or opinions. *Id.* We use the totality of the circumstance test as enumerated in *Henry v. Halliburton*, 690 S.W.2d 775, 787–788 (Mo. banc 1985).

■ Application of the test indicates that the letter is Stewart's opinion, that

plaintiffs' behavior is unsportsmanlike and in violation of the ARPC's rules and by-laws, which plaintiffs as members have agreed to abide by. The letter was to the secretary of the club. The stated purpose of the letter was to report and recommend that the executive board take action under club rules and bylaws. A defamatory communication is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion. *Id.* at 787. Here, Stewart disclosed in detail the facts which underlie his opinions as a match director. Further, an ordinary reader would have treated the letter as an opinion. *See Id.* at 788. Because Stewart's letter falls within the ambit of the First Amendment's absolute privilege for the expression of opinion, we need not determine whether Stewart enjoyed a qualified privileged communication in instituting the investigatory proceeding against plaintiffs. *See Id.* at 780.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.