Thomas L. WAHL and the Lake
Saint Louis Sentinel, Inc.,
Plaintiffs/Appellants,

v.

**John MARSCHALK,**
**Defendant/Respondent.**

No. 68379.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 16, 1996.

Thomas L. Wahl, Lake Saint Louis, appellant pro se.

Erich Vieth, St. Louis, for respondent.

GRIMM, Judge.

Plaintiff Thomas L. Wahl, *pro se* and on behalf of The Lake St. Louis Sentinel, Inc., sued defendant for slander. The trial court granted defendant's motion to dismiss for failure to state a cause of action.

Plaintiffs appeal. This court dismissed the *Sentinel*'s appeal for lack of representation by a licensed attorney. We reverse and remand the dismissal of Mr. Wahl's petition.

I.

Mr. Wahl's third amended petition alleges he owns the *Sentinel*. It further alleges that on or about September 9, 1994, defendant attended a political meeting and

addressed the assembly and stated that there was a new newspaper in Lake Saint Louis called the Sentinel, and that it was owned by [Mr. Wahl]. [Defendant] stated that he was bringing this to the audience's attention because there were political candidates in attendance, that he wanted the candidates specifically to know that this paper may be approaching them for political ads, that the new newspaper may have attractive advertising rates, but that to beware of that, this

newspaper was owned by [Mr. Wahl]. [Defendant] said to the group "You know who Wahl is?," and he then began a discussion regarding [Mr. Wahl's] other business, which is involved in the production and sale of adult erotic videos, and the discussion went on to include a general description of adult pornography. At the conclusion of that discussion, [defendant] suggested that candidates advertise in a competing newspaper, Newstime, and that "if they took out ads in the Sentinel they would be patronizing or taking ads out in a newspaper that was owned by a man who had children in movies." ... Defendant was questioned specifically about his allegations that Plaintiffs were putting children in pornographic movies. [Defendant] stood by his earlier statements.... [Defendant's] statements, taken as a whole, tended to create the impression that Plaintiffs were engaged in criminal activities involving child pornography, and Defendant's speech was intended to interfere with the conduct of Plaintiff's (sic) business, and that such statements were defamatory to Plaintiffs.

Further, the petition alleges: (1) defendant made the statements with actual knowledge that they were false, or with reckless disregard as to their truth or falsity; (2) plaintiffs were not public officials or public figures; (3) defendant's statements exposed plaintiffs to "hatred, contempt, and ridicule"; (4) plaintiffs endured emotional distress and a general decline in business as a result of defendant's statements; and (5) plaintiffs suffered a loss of $25,000.

Defendant's motion to dismiss alleged several reasons why the petition failed to state a cause of action. He contended the petition failed (1) to set forth the alleged defamatory statement with sufficient specificity; (2) to allege a causal nexus between the statement and damages suffered; and (3) to allege sufficient facts to constitute defamation, such as whether "anyone actually *heard* the statement, how many people actually *heard* the statement, and his own responsibility for publishing the alleged statement" (emphasis in motion).

The trial court sustained defendant's motion to dismiss. It did not state the basis for its ruling.

## II.

In reviewing Mr. Wahl's points relied on, we first note that none of them meet the requirements set out in Rule 84.04(d). They do not state *wherein* and *why* the trial court erred. In addition, Mr. Wahl fails to cite any authority in support of points I, II, and III.

We decline to review those three points. *See Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978) (points on appeal that are not in accordance with Rule 84.04(d) need not be reviewed.) *Ex gratia*, we review his fourth point, which we find controlling. In this point, he alleges the trial court erred in failing to examine the alleged statements in context.

In *Nazeri v. Missouri Valley College*, 860 S.W.2d 303 (Mo. banc 1993), the Missouri Supreme Court wrote at length concerning the law of defamation. From that decision, we glean several pertinent holdings. The court abandoned the distinction between slander *per se* and *per quod. Id.* at 313. It also recognized that slander, unlike libel, consists of "mere fleeting speech." *Id.* As a result, it is "pointless to demand absolute precision" in pleading the offending statement. *Id.* "All that is required is that there 'be certainty as to what is charged' as the slander." *Id.* (citations omitted).

█ A statement is actionable as slander if it falsely imputes to plaintiff the commission of a criminal offense. *See Matyska v. Stewart*, 801 S.W.2d 697, 700 (Mo.App.E.D. 1991). In a defamation action, "the words alleged 'are to be taken in the sense which is most obvious and natural and according to [the] ideas they are calculated to convey to those to whom they are addressed.'" *Nazeri*, 860 S.W.2d at 311 (citation omitted); *see also Matyska*, 801 S.W.2d at 700 ("Words must be read in connection with the whole publication, not in isolation.")

█ The petition before us alleges defendant started a discussion concerning Mr. Wahl and his business of producing and selling adult erotic videos. It then alleges there was a general discussion of adult pornography, and that defendant said Mr. Wahl is "a man who had children in movies."

An objective reading of defendant's alleged statements does not allow these words an innocent meaning. In the context of the discussion, defendant's alleged statement that Mr. Wahl is "a man who had children in movies," clearly insinuates that he is a producer or seller of child pornography. See § 573.010(1) for a definition of child pornography.

Producing child pornography is a class B felony, § 573.025, RSMo 1994, while selling or otherwise making available child pornography is a class D felony, § 573.035. Even possession of child pornography is a class A misdemeanor, § 573.037. Thus, the pled statements are actionable insofar as they impute the commission of a criminal offense.

As in *Nazeri*, the petition contains some quoted statements or portions of statements attributed to defendant. Others are pled without quotation marks. *Cf. Nazeri*, 860 S.W.2d at 313. The petition adequately informs defendant and the court of the substance of the alleged defamatory statements. It is pled with enough particularity to withstand a motion to dismiss.

We also observe that the petition adequately pleads causation and damages. Whether Mr. Wahl can meet his burden of proof is a question of fact to be tested by summary judgment or trial, but not by a motion to dismiss.

The trial court's judgment dismissing Mr. Wahl's petition is reversed. We remand for further proceedings.

AHRENS, P.J., and PUDLOWSKI, J., concurs.