Thomas L. WAHL, Plaintiff/Appellant,

v.

Timothy A. BRAUN,
Defendant/Respondent.

No. 69415.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 24, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 19, 1997.

Thomas L. Wahl, Saint Louis, pro se.

John C. Maxwell, St. Charles, for defendant/respondent.

CRANE, Presiding Judge.

Plaintiff appeals the dismissal of his defamation action. In his third amended petition, plaintiff, Thomas L. Wahl, a St. Charles County resident, alleged that Timothy A. Braun, the St. Charles prosecutor, defamed him in remarks made to a newspaper reporter about the hundred letters plaintiff had written to the prosecutor and a lawsuit plaintiff had filed against the prosecutor. The prosecutor said the letters asked him to adopt "lax standards on pornography" and also remarked, "Wahl's suit will not intimidate me. I am going to enforce the law no matter who sues me." Plaintiff claimed the statements imputed him with the crime of hindering prosecution as set out in § 575.030 RSMo 1994. The trial court dismissed the petition on the grounds that the statements did not, as a matter of law, impute plaintiff with the crime of hindering prosecution. On appeal plaintiff claims that the dismissal violated Article I, § 8 of the state constitution and that the allegedly defamatory words spoken by the prosecutor indirectly imputed plaintiff with the commission of a crime. We affirm.

For his first two points plaintiff asserts that the dismissal violated Article I, § 8 of the Missouri Constitution. He contends that this section gives a libel plaintiff the right to present evidence and have the jury determine the law and the facts and that a court cannot preclude a plaintiff from exercising those rights by dismissing the case. We disagree.

Article I, § 8 of the Missouri Constitution provides:

That no law shall be passed impairing the freedom of speech, no matter by what means communicated: that every person shall be free to say, write or publish, or otherwise communicate whatever he will on any subject, being responsible for all abuses of that liberty; and that in all suits and prosecutions for libel or slander the truth thereof may be given in evidence; and in suits and prosecutions for libel the jury, under the direction of the court, shall determine the law and the facts.

This constitutional provision stems from Fox's Libel Act adopted by the English Parliament in 1792 to correct a practice which had developed in the trial of English criminal libel prosecutions in which the judge, and not the jury, determined that the matter complained of was a libel. *Jacobs v. Transcontinental & Western Air*, 358 Mo. 674, 216 S.W.2d 523, 527 (1948). Fox's Libel Act allowed the whole case to be decided by the jury as any other criminal case. *Id.* The purpose of the Missouri constitutional provision was, like the Fox Libel Act in England, to do away with the common law practice under which the jury only decided guilt. *Henry v. Halliburton*, 690 S.W.2d 775, 779 n. 7 (Mo. banc 1985). The constitutional provision allows juries to acquit persons expressing critical or unpopular views. *Id.* This provision was intended for the benefit of defendants and has been interpreted to mean a court may not direct a verdict for a plaintiff in a libel case. *Dominick v. Sears, Roebuck & Co.*, 741 S.W.2d 290, 293 n. 1 (Mo.App. 1987); *Lupkey v. Weldon*, 419 S.W.2d 91, 93 (Mo. banc 1967).

However, this constitutional provision "does not in any way affect the power of the court to decide as a matter of law that the statement claimed to be libelous is not capable of a defamatory meaning." *Jacobs*, 216 S.W.2d at 527. Courts in the first instance must determine whether a statement is capable of defamatory meaning; if it is so capable, then it is submitted to the jury to determine if the words were so understood. *Henry*, 690 S.W.2d at 779. Article I, § 8 does not prevent the trial court from dismissing plaintiff's defamation action for failure to state a claim. *Coots v. Payton*, 365 Mo. 180, 280 S.W.2d 47, 51 (1955); *Swafford v. Miller*, 711 S.W.2d 211, 213 (Mo.App. 1986). Points one and two are denied.

For his third point plaintiff asserts the trial court erred in ruling that the statements were not defamatory. Plaintiff asserts the prosecutor's statements constituted an indirect imputation of the crime of hindering prosecution as set out in § 575.030 RSMo 1994. Plaintiff argues that the prosecutor's statement, "Wahl's suit will not intimidate me. I am going to enforce the law no matter who sues me," imputes to plaintiff the com-

mission of the offense of hindering prosecution by suggesting to the public that plaintiff was attempting to intimidate a law enforcement officer and that plaintiff filed his lawsuit to prevent the prosecutor from enforcing the law.

In ruling upon a motion to dismiss for slander, the court must first determine if the words spoken were capable of a defamatory meaning. *Bremson v. Kinder–Care Learning Centers, Inc.,* 651 S.W.2d 159, 160 (Mo.App.1983). A statement is actionable as slander if it falsely imputes to plaintiff the commission of a criminal offense. *Wahl v. Marschalk,* 913 S.W.2d 432, 434 (Mo.App. 1996). In a defamation action the words alleged " 'are to be taken in the sense which is most obvious and natural and according to [the] ideas they are calculated to convey to those to whom they are addressed.' " *Id.* (quoting *Nazeri v. Missouri Valley College,* 860 S.W.2d 303, 311 (Mo. banc 1993)).

The offense of hindering prosecution is set out in § 575.030 RSMo 1994 as follows:

1. A person commits the crime of hindering prosecution if for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime he:

(1) Harbors or conceals such person; or

(2) Warns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law; or

(3) Provides such person with money, transportation, weapon, disguise or other means to aid him in avoiding discovery or apprehension; or

(4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person.

This section makes it a crime to take various acts to assist a person to avoid discovery or apprehension for a crime. It does not apply to the act of filing a lawsuit against a prosecutor with the purpose of "intimidating" the prosecutor into not enforcing pornography laws. Thus, even if we give the words

the meaning plaintiff attributes to them, the prosecutor's statement did not impute the crime of hindering prosecution to plaintiff. Plaintiff does not suggest the statement imputed any other crime to him. Point three is denied.

The judgment of the trial court is affirmed.

GERALD M. SMITH and PUDLOWSKI, JJ., concur.