John E. AMPLEMAN and Noel F. Ampleman, Appellants,

v.

Linda SCHEWEPPE, et al., Respondents.

No. 73313.

Missouri Court of Appeals, Eastern District, Division Five.

April 7, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1998.

Application for Transfer Denied Aug. 25, 1998.

David Fondren, St. Louis, for appellant.

John E. Ampleman, pro se.

Brent W. Baldwinhnson, Margaret A. Hesse, Bruce J. Weingart, Hinshaw & Culbertson, Ruth A. Przybeck, Bren, Przybeck & Stotler, J. Steven Erickson, St. Louis, for respondent.

Before CRAHAN, C.J., RICHARD B. TEITELMAN, J., and ROBERT E. CRIST, Senior Judge.

PER CURIAM.

Plaintiffs John and Noel Ampleman ("Plaintiffs") appeal the trial court's judgment dismissing their libel action against Defendants. We affirm.

Plaintiffs are residents of the Sycamore subdivision, which is located in Chesterfield, Missouri and consists of 45 cluster homes. Parties defendant in the matter included: (1) the Sycamore Home Owners Association ("Home Owners Association"); (2) Phyllis Sansone ("Sansone"), who was president of the Home Owners Association at the time of the alleged libelous statement; (3) Community Managers Associates, Inc. ("CMA"), who provided property management of the subdivision for the Home Owners Association; (4) Linda Schweppe ("Schweppe"), the owner of CMA; (5) Marvin Nodiff & Associates, P.C. ("Nodiff & Associates"), a law firm; and (6) Elia Ellis ("Ellis"), an attorney with Nodiff & Associates.

Prior to this libel action, Plaintiffs had filed a lawsuit against CMA concerning alleged improper trimming of trees near their residence in the subdivision. In the tree action Plaintiffs alleged, among other things, that CMA had a legal duty to perform landscaping work in a professional manner so as not to detract from the value of homes in the subdivision. CMA responded to that petition with an Answer generally denying the allegations.

After receiving CMA's Answer in the tree lawsuit, Plaintiffs sent a letter to all the homeowners in their subdivision. In this letter, dated November 2, 1995, Plaintiffs stated that they had received an "outrageous notification" from CMA advising them that CMA had "no duty to perform maintenance work in our subdivision in a professional or workman like [sic] manner." Plaintiffs' letter also urged that the Home Owners Association hold an emergency meeting and immediately terminate its contract with CMA.

On November 8, 1995, a letter was sent to all Sycamore subdivision homeowners in response to Plaintiffs' November 2 letter. This letter was drafted by attorney Ellis under Sansone's name as president of the Home Owners Association, but it actually was signed by Schweppe. It concerned the Plaintiffs' November 2 letter, how that letter related to the Plaintiffs' tree-trimming lawsuit, and the position of the Board of the Home Owners' Association with regard to those matters. The letter included the following statement, which is the allegedly libelous statement complained of in this cause: "The allegations made by the Amplemans in their November 2nd letter are wholly inaccurate and are taken out of context."

On November 16, 1995, Plaintiffs filed their libel action. Their third Amended Petition in that action was filed in August of 1997. Shortly thereafter separate motions to dismiss were filed, respectively, by: (1) Sansone and the Home Owners Association; (2) Nodiff & Associates and attorney Ellis; and (3) Schweppe and CMA. All three of the motions asserted that the complained of statement was not defamatory as a matter of law. In addition, the Nodiff & Associates motion asserted that the statement was qualifiedly privileged since it related to the tree-trimming lawsuit.

On September 12, 1997, the trial court, without specifying its reasons for doing so, entered its order and judgment granting all three motions to dismiss. This appeal followed.

In a libel action a motion to dismiss for failure to state a cause of action is solely a test of the adequacy of the plaintiff's peti-

tion. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). It assumes all of plaintiff's averments are true, and liberally grants to plaintiff all reasonable inferences therefrom. *Id.* When a trial court fails to specify its reason for dismissal of a petition, the reviewing court presumes that the trial court acted for one of the reasons set out in the motion to dismiss, and shall affirm the dismissal if any ground or point justifies the trial court's action. *City of Chesterfield v. Deshetler Homes*, 938 S.W.2d 671, 673 (Mo.App. E.D.1997).

Plaintiffs raise five points on appeal. Their third point deals with what we deem to be the dispositive issue in this case, namely, whether the complained of statement is defamatory as a matter of law. Plaintiffs claim the trial court erred in dismissing their petition because the complained of statement was "capable" of having a defamatory meaning.

 Whether language is defamatory and actionable is a question of law. *Pape v. Reither*, 918 S.W.2d 376, 379 (Mo.App. E.D. 1996); *Anton v. St. Louis Suburban Newspapers*, 598 S.W.2d 493, 496 (Mo.App. E.D. 1980). Courts are empowered to decide as a matter of law that a statement claimed to be libelous is not reasonably capable of a defamatory meaning. *Wahl v. Braun*, 938 S.W.2d 591, 592 (Mo.App. E.D.1996). In exercising this function trial and appellate courts are required "to determine whether the communication reasonably conveyed the meaning ascribed to it by plaintiff and, if so, whether the meaning was defamatory in character." *Carey v. Pulitzer Publishing Co.*, 859 S.W.2d 851, 855 (Mo.App. E.D.1993).

 A statement is defamatory in character if it "tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Kennedy v. Jasper*, 928 S.W.2d 395, 399–400 (Mo.App. E.D.1996).

 In *Nazeri v. Missouri Valley College*, 860 S.W.2d 303 (Mo. banc 1993), our Supreme Court set forth the test to be used in determining whether, as a matter of law, an allegedly defamatory statement is reasonably capable of a defamatory meaning. The *Nazeri* test consists of two standards, which "[w]hile ... not absolutely consistent ... should be read together." *Nazeri* at 311. The first standard requires that the alleged defamatory words "must be stripped of any pleaded innuendo ... and construed in their most innocent sense." *Id.* The second standard requires that the words "must be considered in context, giving them their plain and ordinarily understood meaning." *Id.* That is, the words "are to be taken in the sense which is most obvious and natural and according to the ideas they are calculated to convey to those to whom they are addressed." *Id.* The court in *Nazeri* reversed the dismissal entered by the trial court there, holding that an objective reading of the alleged defamatory statement "simply does not allow these words an innocent sense." *Id.*

 Such is not the situation here. In this case, the alleged defamatory statement was the following sentence contained in the letter of November 8, 1995: **"The allegations made by the Amplemans in their November 2 $^{nd}$ letter are wholly inaccurate and are taken out of context."** When "stripped of any pleaded innuendo" and "construed in their most innocent sense" those words clearly are not defamatory.[1] They do no more than assert that Plaintiffs are wholly mistaken as to the allegations contained in their November 2 letter to their neighbors. The complained of statement therefore does not satisfy the first part of the *Nazeri* test.

 Further, a careful reading of the words in the context of the November 8 letter as a whole leads us to conclude that they fail to satisfy the second part of the *Nazeri* test as well. While it no doubt is true that the "wholly inaccurate" and "taken out of context" language possibly could be interpreted by some who read it as suggesting that Plaintiffs might have been lying in their November 2 letter, we find that the words would most obviously and naturally be interpreted to mean simply that the Plaintiffs' allegations made in that letter were

---

1. Plaintiffs alleged in their petition that the words insinuated, and were calculated to convey, that Plaintiffs had intentionally lied in their November 2 letter to their neighbors.

erroneous, without necessarily imputing to them any dishonesty.[2]

■ Thus, we hold the trial court correctly concluded that the complained of statement in this cause is not defamatory as a matter of law.[3] Accordingly, dismissal of the action was proper and Plaintiffs' third point on appeal must be denied.

■ We have reviewed Plaintiffs' other four points on appeal and find them all to be wholly without merit. Indeed, we conclude that the appeal in this defamation action is so readily recognizable as devoid of merit that it must be considered frivolous. *Holman v. Ace Glass Co.*, 687 S.W.2d 562, 563–64 (Mo. App. W.D.1984).

■ The Court may impose sanctions for a frivolous appeal against either a party or counsel. *Papineau v. Baier*, 901 S.W.2d 190, 193 (Mo.App. W.D.1995). Sanctions are most often imposed on the attorney because the attorney, rather than the client, normally decides what legal arguments to present on appeal. *Id.* Defendants are hereby awarded $1,000.00 in damages assessed against appellants' attorney for a frivolous appeal. Rule 84.19. Appellants' attorney is ordered to pay this sum directly to Scheweppe's attorney to the benefit of all six named defendants. The total sum shall be paid within fourteen days of the mandate of this Court. Receipt for the sum shall be filed in this Court by Scheweppe's attorney within five days following receipt of the sum.

Judgment affirmed.

---

2. Even if the complained of statement arguably did satisfy the second part of the *Nazeri* test, however, it still would fail the first part since it plainly is not defamatory when stripped of all innuendo and construed in its most innocent sense. The Supreme Court recognized in *Nazeri* that the two standards used in the test "are not absolutely consistent" (*Nazeri* at 311), but did not explicitly state which standard should prevail when the two might conflict and lead to inconsistent results. We believe *Nazeri* implies that in such instances the first part of the test must prevail, so that if a statement is capable of two meanings (one defamatory and one nondefamatory) and can **reasonably** be construed in an

innocent sense, the court must hold the statement nonactionable as a matter of law.

3. We decline to expressly decide whether the complained of statement is also nonactionable for being privileged under the First Amendment as an expression of opinion, since that argument was apparently raised by Defendants for the first time on appeal. Nevertheless, we note that an assertion that allegations have been "taken out of context" is, by its very nature, fundamentally a matter of opinion. A statement of opinion is not actionable in libel. *Henry v. Halliburton*, 690 S.W.2d 775 (Mo. banc 1985).