**Annette Kolis MANDEL, Plaintiff/Appellant,**

v.

**Robert O'CONNOR and Jeanne Rhoades,[1] Defendants/Respondents.**

**No. ED 81642.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 18, 2003.

1. While the Notice of Appeal indicates "Rhodes" is Defendant/Respondent's surname, a review of the legal file reveals "Rhoades" is the correct spelling.

Michael J. Sudekum, Alan S. Mandel, St. Louis, MO, for appellant.

Richard C. Wuestling IV (O'Connor), Lawrence F. Hartstein (Rhoades), St. Louis, MO, for respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Annette Kolis Mandel (Plaintiff), the Mayor of Creve Coeur, Missouri, appeals from the trial court's grant of summary judgment in favor of Robert O'Connor (O'Connor) and Jeanne Rhoades (Rhoades) (collectively Defendants). On appeal, Plaintiff argues the trial court erred in granting Defendants' motion for summary judgment because the statements contained in a letter O'Connor wrote to the Creve Coeur City Council (Council) were (1) defamatory and (2) not opinions. We affirm.

O'Connor wrote a letter concerning Plaintiff's unwillingness to investigate possible City Charter (Charter) violations. In response, Plaintiff filed an action alleging libel and slander against O'Connor and civil conspiracy to commit slander against O'Connor, Rhoades and three other parties when they engaged in petitioning activities.[2] O'Connor filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, stating in relevant part that the statements are not actionable as a matter of law because they are not defamatory; and if so, are opinions in that they express O'Connor's opinion and belief, rather than a statement of objective fact. Plaintiff filed her Response in Opposition to O'Connor's Motion to Dismiss, stating in relevant part, that the statements are defamatory and not subject to the opinion privilege. After O'Connor's motion was heard by the trial court, O'Connor was granted ten days to File Reply Memorandum to Plaintiff's Response. O'Connor filed his Memorandum of Law in Reply to Plaintiff's Response to O'Connor's motion detailing his previous positions.

The trial court entered an Order and Judgment that O'Connor's Motion to Dismiss was converted to Summary Judgment pursuant to Rule 55.27(a) and granted the parties time to file additional materials

---

**2.** After the trial court entered its order, all others besides O'Connor and Rhoades were dismissed without prejudice and are not parties to this appeal.

pursuant to Rule 74.04. O'Connor waived this right. Plaintiff requested and was granted additional time to file materials. Defendant Rhoades adopted O'Connor's Motion to Dismiss or Summary Judgment in its entirety.

In its judgment, the trial court granted summary judgment in favor of Defendants and stated in relevant part:

> There is no genuine dispute over the language O'Connor uses in his letter to the Council. The language only addresses the Mayor's official duties, and the Mayor is in no way accused of any criminal conduct in this letter. There is also no dispute about the fact that the letter written by O'Connor contains the phrases such as "in view of" and "it would appear" which are clearly statements of opinion. These undisputed facts negate the Plaintiff's claim of defamation, and Defendants O'Connor and Rhodes (sic) are entitled to Summary Judgment as a matter of law.

This appeal follows.

In her first point, Plaintiff argues the trial court erred in granting Defendants' motion for summary judgment because the statements contained in the letter are defamatory. Specifically, Plaintiff argues that the statements falsely impute conduct and violations of the Charter and ethics code that are incompatible with her profession. We disagree.

In reviewing a grant for summary judgment, we view the record in the light most favorable to the party against whom judgment was rendered. *ITT Commercial Finance v. Mid-America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* Summary judgment will be upheld if there is no genuine issue of material fact and movant is entitled to judgment as a matter of law. *Id.* at 381. Plaintiff concedes there are no genuine issues of material fact at issue in this appeal, and therefore, the only matters before us are questions of law.

 Whether a statement is defamatory is a question of law. *Ribaudo v. Bauer*, 982 S.W.2d 701, 704 (Mo.App. E.D. 1998). As a matter of law, we are empowered to decide if a statement claimed to be libelous is not reasonably capable of defamatory meaning. *Ampleman v. Scheweppe*, 972 S.W.2d 329, 332 (Mo.App. E.D. 1998). Defamatory words must be of such a nature that we can presume, as a matter of law, that they will tend to disgrace and degrade the person or expose him to public hatred, contempt, or ridicule or cause him to be shunned or avoided. *Pape v. Reither*, 918 S.W.2d 376, 380 (Mo.App. E.D.1996). Offending language is not libelous simply because a person finds it unpleasant or annoying, and subjects him to jests or banter so as to affect his feelings. *May v. Greater Kansas Dental Society*, 863 S.W.2d 941, 945 (Mo.App. W.D. 1993).

 To determine if a statement is defamatory, the words themselves must first "be stripped of any pleaded innuendo" and construed in their most innocent sense. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 311 (Mo. banc 1993). Second, the words must be considered in context and given their plain and ordinary meaning. *Id.* When considering a writing, it is to be interpreted from its four corners and given its ordinary meaning. *May*, 863 S.W.2d at 946. If a statement is capable of a nondefamatory meaning, and can be reasonably construed in an innocent sense, we must hold the statement nonactionable as a matter of law. *Ampleman*, 972 S.W.2d at 333.

As a resident of Creve Coeur, O'Connor delivered a letter to Plaintiff requesting an investigation of suspected violations of the Charter. Plaintiff responded that the

Charter had not been violated and there was no need for further inquiry into this matter by the Council. In response, O'Connor wrote a letter to Council requesting an official determination of whether Plaintiff violated the Charter and whether she had "breached her official duty by usurping the authority of the Council and acting in a manner prohibited by the Charter." O'Connor stated that "it would appear" that the Charter had been violated and requested an investigation of Plaintiff's performance of her official duties as Mayor of Creve Coeur.

■ Here, the alleged defamatory remarks are contained in a letter O'Connor wrote to members of the Council on April 22, 2002. The letter reads in relevant part,

On March 26, 2002 I personally delivered to the Mayor's office a letter charging violations of Chapter 14.1 of the Charter and requested that an investigation under Section 3.9 of the Charter be conducted immediately. The Mayor, Annette Mandel, without consulting the City Council, responded on April 1, 2002. In her letter to me she quoted Ms. Pass as an authority in determining that "the Charter provision has not really been violated" and that "There is no need for further inquiry into this matter by the Council." In view of this action on the part of the mayor she has violated Section 4.4(d) of the Charter and has breached her official duty by usurping the authority of the Council and acting in a manner prohibited by the Charter. Also, in that Mrs. Pass was nominated, on more than one occasion by the mayor, to act in the position that precipitated my letter of March 26th and from the tone and nature of her written reply to me of April 1st it would appear that by not taking this issue to the Council, as mandated, she would have also violated

Section 2–168 which prohibits any action as described above.

Accordingly, I respectfully request an investigation under Sections 3.7 and 3.9 be conducted immediately.

Very truly yours,

Robert D. O'Connor

Contrary to Plaintiff's assertions that the words are defamatory even when stripped of the pleaded innuendo and read in their most innocent sense, we find O'Connor's letter capable of nondefamatory meaning and therefore find the statements nonactionable as a matter of law. The plain meaning of the letter was to make Council aware of a possible violation in city government. The statements made by O'Connor are not defamatory. The trial court properly granted summary judgment in favor of Defendants. Point one is denied.

In her second point, Plaintiff argues the trial court erred in granting Defendants' motion for summary judgment because the statements contained in the letter are not opinions. Specifically, Plaintiff argues that under a totality of circumstances test a reasonable factfinder could conclude that the statements imply actionable assertions of objective fact. We disagree.

■ Whether a statement is a pure opinion or an assertion of fact is a question of law. *Ribaudo*, 982 S.W.2d at 705. The test applied to determine if a statement is opinion is "whether a reasonable factfinder could conclude that the statement implies an assertion of objective fact." *Id.* The court must examine the totality of the circumstances to determine whether the ordinary reader would have believed the statements were opinion. *Henry v. Halliburton*, 690 S.W.2d 775, 788 (Mo. banc 1985). "If the alleged defamatory remarks can be characterized as 'opinions' they

should be subject to First Amendment absolute privilege." [3] *Id.* at 786–787.

Here, the average reader of O'Connor's letter would find his statements were opinions, not facts. He specifically tells the Council he is "bringing this matter to [their] attention for a determination" so that the "Council may make investigations." As a resident of Creve Coeur, O'Connor became concerned when Plaintiff, the Mayor, responded herself and did not take his earlier concerns regarding a committee appointee to the Council for review and, therefore, felt compelled to take his concerns to the Council himself. O'Connor tells the Council in his letter that "in view of" the actions he believed Plaintiff had taken, it was his opinion, and his request, that the Council investigate the matter. He then concludes his letter with a qualifying statement that "it would appear" to him that the Charter had been violated.[4]

The statements made by O'Connor are opinions and not assertions of objective fact. When read in their context, the words clearly indicate an opinion. The trial court correctly granted summary judgment in favor of Defendants. Point two is denied.

Judgment affirmed.

HOFF and CRAHAN, JJ., concur.

---

**3.** The fact that public officials cannot assert valid libel or defamation claims absent a showing of "actual malice" reflects our "profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open." *New York Times v. Sullivan,* 376 U.S. 254, 270, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). "Actual malice" is defined as knowing statements to be false or with reckless disregard of whether they are

true or false. *Rowden v. Amick,* 446 S.W.2d 849, 853 (Mo.App.1969). Here, there is no evidence of actual malice on O'Connor's part.

**4.** Even without the qualifying language, an assertion that conduct violates the Charter is an assertion of law, not fact, and thus is inherently a conclusion or opinion of the speaker.